UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-20926 |
| | ) | |
| THOMAS M. STOREY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| BLUESTONE TRADING CO., INC., | ) | Adversary Proceeding No. 11-1033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS M. STOREY, | ) | **MEMORANDUM OF OPINION**[1] **AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

Plaintiff Bluestone Trading Co., Inc. (Bluestone) filed this adversary proceeding seeking

a determination that its claims against the defendant-debtor Thomas Storey based on two

promissory notes are not dischargeable under 11 U.S.C. § 523(a)(2) and (a)(6).[2]  The debtor

moves for summary judgment.[3]  Bluestone opposes the motion.[4]  For the reason stated below, the

motion is denied.

---

[1]  This opinion is not intended for publication.

[2]  The plaintiff withdrew its request for foreclosure.  (Docket 20).

[3]  Docket 21, 24.

[4]  Docket 23.

# I.  JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This decision is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), a conclusion that neither party disputes.

# II.  FACTS

These are the relevant undisputed facts based on the evidence offered by the debtor in support of his motion, the pleadings, and the parties' joint pretrial statement:[5]

The debtor executed two promissory notes payable to Bluestone for business loans.  The first promissory note in the amount of $52,500.00 was dated January 28, 1998 and was payable in full 36 months after that date (the first note). The second promissory note in the amount of $13,414.53 plus interest was dated October 22, 1998, did not have a maturity date, and was payable on demand (the second note).  Bluestone obtained a state court judgment on the second note in May 2010.

The debtor filed his chapter 7 case on November 4, 2010.

# III.  DISCUSSION

## A.  Summary Judgment

Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides in relevant part:

---

[5] *See* docket 11, 15, 16, 21, 23, 24.

## Rule 56. Summary Judgment

**(a)  Motion for Summary Judgment or Partial Summary Judgment.**  A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court shall state on the record the reasons for granting or denying the motion.

\*          \*          \*

**(c)  Procedures.**

(1)  Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2)  Objection That a Fact is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence . . . .

FED. R. CIV. P. 56(a) and (c)(1) and (2) (made applicable by FED. R. BANKR. P. 7056).  Summary

judgment:

is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  However, [the movant] bears the burden of proving that there are no genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3

*Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 546-47 (6th Cir. 2008). In evaluating the evidence presented, the court must

> draw all inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

*Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008). To meet its burden, a movant must establish that (1) there is no dispute over any material fact; and (2) it is entitled to judgment as a matter of law.

## B. <u>The Motion</u>

The debtor argues that (1) Bluestone's attempt to enforce the first note is barred by the applicable statute of limitations; and (2) Bluestone is asserting a fraudulent transfer claim which is also barred by the statute of limitations.

### 1. <u>The Debt</u>

The debtor argues that Bluestone does not have a valid claim to payment based on the first note because it failed to enforce the note within the applicable statute of limitations. That statute requires that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." OHIO REV. CODE § 1303.16(A). To support this argument, the debtor offers a copy of the state court docket and

4

complaint related to the action filed by Bluestone in May 2010 to obtain judgment on the note, *Bluestone Trading Company, Inc. v. Thomas Storey, et al.*, Case No. CV-10-726679 (Cuyahoga County, Ohio Court of Common Pleas filed May 14, 2010).[6] Bluestone did not obtain a judgment and the action was stayed by the debtor's bankruptcy filing. Although Bluestone's brief does not address this argument, it submitted the affidavit of its president, R. B. Grampp, Sr., in which he affirms that, within the last four years, the debtor told him that he would pay all the money back and that he would never cheat Grampp out of a penny.

The debtor's evidence suggests that Bluestone may be barred from recovery on the first note because it did not bring an action on the debt within six years of the date that it became due. Turning to Bluestone's evidence, and viewing it in the light most favorable to it as the non-movant, however, the debtor may have acknowledged the debt in a manner that would remove the bar of the statute. *See generally* 66 Ohio Jur. 3d, *Limitations and Laches* § 139 (2011). The court cannot, therefore, enter summary judgment in favor of the debtor.

## 2.  Fraudulent Transfer

The debtor's motion raises a puzzling argument regarding a fraudulent transfer claim, which is made even more puzzling by Bluestone's response.[7] The debtor argues that Bluestone failed to make its fraudulent transfer claim under Ohio Revised Code § 1336.04(A)(1) within the applicable statute of limitations, and Bluestone argues that it has timely asserted such a claim. *See* Ohio Uniform Fraudulent Transfer Act (OHIO REV. CODE §§ 1336.01-1336.11). The amended complaint, however, plainly states that the plaintiff seeks only a determination that the

---

[6] Exhs. C and H, docket 21.

[7] This issue is also noted as a contested issue in the parties' joint pretrial statement.

5

debts are nondischargeable.  Although Bluestone asserts in paragraph 7 that the debtor transferred his interest in his home to his wife to defraud his creditors, read in context that assertion can only be viewed as one made to support Bluestone's allegation that the debtor's liability on the two promissory notes is nondischargeable under § 523(a)(2) and (6).  This reading of the amended complaint is further supported by the federal pleading requirements, which require that the complaint must contain sufficient facts, which accepted as true, state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Moreover, the debtor's wife as the alleged transferee would be a necessary party to a fraudulent transfer action and she is not named as a defendant here. *See Shor v. Hutton*, 198 N.E. 192, 193 (Ohio Ct. App. 1935) (noting that in an action to set aside a fraudulent transfer and subject assets in the hands of a third person to payment of a debt, the debtor as well as the third person are necessary parties to the action).  Therefore, as the amended complaint does not state a fraudulent transfer claim, the debtor's request for summary judgment based on the statute of limitations defense must be denied.

## IV. <u>CONCLUSION</u>[8]

For the reasons stated, the debtor's motion for summary judgment is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

---

[8]   The debtor limited his motion to the statute of limitations arguments and did not address whether the facts as presented state a cause of action for nondischargeability.  The parties should be prepared to address that issue at the final pretrial.

6